# EXHIBIT "A"

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---

**DEVON GETHERS**

                            Plaintiffs,

-against-

**CITY OF POUGHKEEPSIE; TOWN OF POUGHKEEPSIE; CITY OF POUGHKEEPSIE POLICE DEPARTMENT; TOWN OF POUGHKEEPSIE POLICE DEPARTMENT; STATE OF NEW YORK; KEVIN FITZPATRICK, individually; JOHN DOE OFFICERS 1–10, individually and in their official capacity as City of Poughkeepsie Police Officers; and JANE DOE OFFICIALS 1–10, individually and in their official capacity as City and Town Officials, Defendants.**

                            Defendant.

---

Index No.: 

Plaintiff designates Dutchess County as the place of trial

The basis of venue is the place of accident

**SUMMONS**

Accident occurred in the City of Poughkeepsie, Dutchess County

---

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your Verified Answer on the undersigned attorneys, The Haddad Law Firm, P.C., representing plaintiff, within twenty (20) days after service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York).

    Please take notice that this action is based on a negligence cause of action, that plaintiff seeks money damages for personal injuries and that in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: New York, New York
         December 2, 2025

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 12/02/2025

The Haddad Law Firm, P.C.
Attorneys for Plaintiff

By: _____
Michael S. Golner
The Haddad Law Firm, P.C.
11 Broadway, Suite 440
New York, NY 10038
732.447.9064

## PLEASE FORWARD TO YOU INSURANCE CARRIER IMMEDIATELY

Defendants' Addresses:

City of Poughkeepsie
~~1 Overocker Road~~ 62 Civic Center Plaza
Poughkeepsie, NY ~~12603~~ 12601

City of Poughkeepsie Police Department
62 Civic Center Plaza
Poughkeepsie, NY 12601

Town Of Poughkeepsie
1 Overocker Road
Poughkeepsie, NY 12603

Town Of Poughkeepsie Police Department
1 Overocker Road
Poughkeepsie, NY 12603

New York Department of State
Division of Corporations
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

Kevin Fitzpatrick
17 Rose Street
Apartment 209
Poughkeepsie, NY 12601

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

2 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                       RECEIVED NYSCEF: 12/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---

**DEVON GETHERS**

                            Plaintiffs,

          -against-

**CITY OF POUGHKEEPSIE; TOWN OF POUGHKEEPSIE; CITY OF POUGHKEEPSIE POLICE DEPARTMENT; TOWN OF POUGHKEEPSIE POLICE DEPARTMENT; STATE OF NEW YORK; KEVIN FITZPATRICK, individually; JOHN DOE OFFICERS 1–10, individually and in their official capacity as City of Poughkeepsie Police Officers; and JANE DOE OFFICIALS 1–10, individually and in their official capacity as City and Town Officials, Defendants.**

                            Defendant.

Index No.:

Plaintiff designates Dutchess County as the place of trial

The basis of venue is the place of accident

**SUMMONS**

Accident occurred in the City of Poughkeepsie, Dutchess County

---

## PARTIES

1. At all times herein Plaintiff DEVON GETHERS is a resident of 17 Rose Street, Apartment 209, Poughkeepsie, New York.

2. At all times herein Defendant CITY OF POUGHKEEPSIE is a municipal corporation organized under the laws of the State of New York with the power to sue and be sued, located at 1 Overocker Road, Poughkeepsie, NY 12603.

3. At all times herein Defendant CITY OF POUGHKEEPSIE POLICE DEPARTMENT is a department and agency of the City of Poughkeepsie responsible for law enforcement operations, located at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5(d)) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 12/02/2025

4. At all times herein Defendant TOWN OF POUGHKEEPSIE is a municipal corporation organized under the laws of the State of New York, located at 1 Overocker Road, Poughkeepsie, NY 12603.

5. At all times herein Defendant TOWN OF POUGHKEEPSIE POLICE DEPARTMENT is a department and agency of the Town of Poughkeepsie responsible for law enforcement operations, 1 Overocker Road, Poughkeepsie, NY 12603.

6. At all times herein Defendant STATE OF NEW YORK is a sovereign entity subject to suit under applicable provisions of law.

7. At all times herein Defendant KEVIN FITZPATRICK is an individual who, upon information and belief, was present at and participated in the incident giving rise to this action. An indictment has been filed against Kevin Fitzpatrick in connection with this incident.

8. At all times herein Defendants JOHN DOE OFFICERS 1-10 are fictitious designations for police officers and/or individuals whose identities are presently unknown who participated in, directed, or supervised the negligent discharge of firearms that caused Plaintiff's injuries, or who failed to intervene to prevent the unlawful use of force against Plaintiff.

9. At all times herein Defendants JANE DOE OFFICIALS 1-10 are fictitious designations for municipal officials, supervisors, and administrators and/or individuals whose identities are presently unknown who were responsible for the policies, training, supervision, and oversight that failed to prevent this incident.

## JURISDICTION AND VENUE

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

4 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                         RECEIVED NYSCEF: 12/02/2025

10. This Court has subject matter jurisdiction over this action pursuant to NY CLS Const Art VI, § 7 and NY CLS Jud § 140-b, as this Court has general original jurisdiction in law and equity.

11. This Court has personal jurisdiction over defendant City of Poughkeepsie as it is a municipal corporation organized under the laws of the State of New York.

12. This Court has personal jurisdiction over defendant City of Poughkeepsie Police Department as it is a department and agency of the City of Poughkeepsie.

13. This Court has personal jurisdiction over defendant Town of Poughkeepsie as it is a municipal corporation organized under the laws of the State of New York.

14. This Court has personal jurisdiction over defendant Town of Poughkeepsie Police Department as it is a department and agency of the Town of Poughkeepsie.

15. This Court has personal jurisdiction over defendant State of New York as it is a sovereign entity of the State of New York.

16. This Court has personal jurisdiction over defendant Kevin Fitzpatrick as he committed a tortious act within the state pursuant to NY CLS CPLR § 302.

17. This Court has personal jurisdiction over defendants John Doe Officers 1-10 and Jane Doe Officials 1-10 as they committed tortious acts within the state pursuant to NY CLS CPLR § 302.

18. This Court is the proper venue for this case pursuant to NY CLS CPLR § 503, as the events giving rise to this claim occurred in Dutchess County, and pursuant to NY CLS CPLR § 504, as the action is against counties, cities, towns, and their departments.

## STATEMENT OF FACTS

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                          RECEIVED NYSCEF: 12/02/2025

19. On December 22, 2024, at approximately 10:12 PM, Plaintiff Devon Gethers was lawfully visiting a friend named Crystal Odell in Apartment 109 of Fallkill Commons, located at 17 Rose Street, Poughkeepsie, New York.

20. Mr. Gethers had exited the elevator and was standing in the first-floor hallway outside his friend's apartment, engaged in lawful activity and posing no threat to anyone.

21. Without any warning, announcement, or verbal command, City of Poughkeepsie Police Officers and defendant Kevin Fitzpatrick rounded the corner into the hallway where Mr. Gethers was peacefully standing and immediately opened fire.

22. The officers and Kevin Fitzpatrick discharged multiple rounds—at least five shots—in a confined residential hallway, with no regard for the safety of innocent bystanders, fellow police officers, or residents in the building.

23. One of the rounds fired struck Mr. Gethers in the back, causing severe injuries including a broken right shoulder and broken ribs.

24. Mr. Gethers was not armed, had committed no crime, posed no threat to anyone, and was unaware of any police presence until the shooting began.

25. Following the shooting, Mr. Gethers was transported by ambulance to Mid-Hudson Regional Hospital where he received emergency treatment for his gunshot wound and related trauma.

26. The incident was captured on security cameras throughout Fallkill Commons, providing clear evidence of the reckless conduct.

27. A criminal indictment has been filed against Kevin Fitzpatrick in connection with this incident.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.                                                                                                6 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 12/02/2025

28. The Dutchess County District Attorney's Office has withheld the full investigative file pending resolution of the criminal proceedings, indicating the serious criminal nature of the conduct involved.

29. Plaintiff timely served a Notice of Claim upon the municipal defendants on December 30, 2024, in full compliance with General Municipal Law § 50-e.

## CLAIMS FOR RELIEF

### Count I – Negligence (against all defendants)

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

30. Defendants owed Plaintiff a duty of reasonable care.

31. Kevin Fitzpatrick owed Plaintiff a duty of reasonable care in the handling, aiming, control, and discharge of firearms.

32. The municipal defendants, whose officers are unnamed at this time, owed Plaintiff a duty of reasonable care in the training, supervision, and control of their police officers regarding the use of firearms, especially in residential settings.

33. Defendants breached these duties.

34. Kevin Fitzpatrick criminally breached his duty by recklessly attempting to discharge a firearm in a confined residential hallway without ensuring adequate safety, without providing warnings, and without consideration for the safety of innocent bystanders, including Plaintiff.

35. The municipal defendants, whose officers are unnamed at this time, breached their duties by failing to properly train, supervise, and control their officers regarding the use of firearms in residential settings.

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

7 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 12/02/2025

36. As a direct and proximate result of Defendants' negligent conduct, Plaintiff sustained severe personal injuries.

37. Plaintiff suffered a gunshot wound to the back, broken right shoulder, broken ribs, pain, suffering, emotional distress, and related complications requiring extensive medical treatment, some or all of which injuries are permanent in nature.

## Count II – Negligence Per Se (against defendants Kevin Fitzpatrick, City of Poughkeepsie Police Department, Town of Poughkeepsie Police Department, and John Doe and/or Jane Doe Officers 1-10)

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

40. Defendants had a duty to comply with statutes and regulations designed to protect public safety.

41. Kevin Fitzpatrick's discharge of a firearm in a residential building violated NY CLS Penal § 265.35, which prohibits the reckless use of firearms.

42. The police officers' discharge of firearms violated established departmental policies and protocols governing the use of deadly force in violation of NY CLES CPL § 530.14.

43. These statutes and policies were designed to protect the public, including innocent bystanders like the Plaintiff.

44. Plaintiff was a member of the class of persons these statutes and policies were designed to protect.

45. Defendants' violations of these statutes and policies were a direct and proximate cause of Plaintiff's injuries.

8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

8 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                         RECEIVED NYSCEF: 12/02/2025

46. As a result of these violations, Plaintiff suffered severe injuries including a gunshot wound to the back, broken right shoulder, broken ribs, and related trauma.

### Count III - Assault and Battery (against defendants Kevin Fitzpatrick and John Doe and/or Jane Doe Officers 1-10)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. Defendants intentionally discharged firearms in Plaintiff's direction.

49. Kevin Fitzpatrick and the John Doe 1-10 and/or Jane Doe 1-10 Officers intentionally discharged their firearms in the residential hallway where Plaintiff was standing.

50. This conduct placed Plaintiff in reasonable apprehension of imminent harmful contact.

51. Defendants made harmful bodily contact with Plaintiff.

52. Kevin Fitzpatrick and/or the John Doe Officers' bullets struck Plaintiff in the back, causing severe physical injuries.

53. This harmful bodily contact was offensive and without Plaintiff's consent.

54. Plaintiff did not consent to being shot or to any physical contact from the defendants.

55. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries including a gunshot wound to the back, broken right shoulder, broken ribs, and related trauma.

### Count IV - Municipal Liability for Negligent Training and Supervision (against defendants City of Poughkeepsie, Town of Poughkeepsie, City of Poughkeepsie Police Department, Town of Poughkeepsie Police Department, and State of New York)

9

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

9 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 12/02/2025

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

57. The municipal defendants employed police officers who committed wrongful acts.

58. Based on footage obtained, the City of Poughkeepsie, Town of Poughkeepsie, and their respective Police Departments employed John Doe and/or Jane Doe Officers 1-10 who discharged their firearms in the residential hallway, striking Plaintiff.

59. The municipal defendants knew or should have known of their employees' propensity to commit such acts.

60. The municipal defendants failed to adequately train and supervise their employees.

61. The municipal defendants failed to implement and enforce adequate training programs for officers regarding safe firearms use in residential settings, threat assessment, de-escalation techniques, and proper protocols for discharging weapons.

62. The municipal defendants failed to provide adequate supervision and oversight of officer conduct.

63. These failures were a proximate cause of Plaintiff's injuries.

64. Proper training and supervision would have prevented the reckless conduct that led to the shooting of Plaintiff.

65. As a direct and proximate result of the municipal defendants' negligent training and supervision, Plaintiff suffered severe injuries including a gunshot wound to the back, broken right shoulder, broken ribs, and related trauma.

66. Pursuant to NY CLS Gen Mun § 50-j, the municipal defendants are liable for the negligent acts of their police officers committed while acting in the performance of their duties and within the scope of their employment.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 12

Case 7:26-cv-00372-JGLC   Document 1-1   Filed 01/15/26   Page 12 of 14

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/02/2025

### Count V - Violation of Civil Rights Under 42 U.S.C. § 1983 (against defendants City of Poughkeepsie, Town of Poughkeepsie, City of Poughkeepsie Police Department, Town of Poughkeepsie Police Department, State of New York, and John Doe Officers 1-10)

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 as if fully set forth herein.

68. Defendants acted under color of state law.

69. The John Doe and/or Jane Doe Officers 1-10 were acting in their capacity as police officers employed by the municipal defendants at the time of the incident.

70. Defendants deprived Plaintiff of rights secured by the Constitution.

71. The John Doe and/or Jane Doe Officers' 1-10 use of deadly force against Plaintiff, who posed no threat and had committed no crime, violated Plaintiff's clearly established constitutional right to be free from unreasonable seizures and excessive force under the Fourth Amendment.

72. The municipal defendants maintained policies, practices, and customs that were deliberately indifferent to the constitutional rights of persons in Plaintiff's position.

73. The municipal defendants failed to properly train and supervise their officers regarding the use of force, showing deliberate indifference to the constitutional rights of citizens.

74. These policies, practices, and customs were the moving force behind the constitutional violations suffered by Plaintiff.

75. As a direct and proximate result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered severe injuries including a gunshot wound to the back, broken right shoulder, broken ribs, and related trauma.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

11 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 12/02/2025

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Compensatory damages against all defendants in an amount to be determined at trial, but in excess of the jurisdictional limits of all lower courts, for medical expenses, pain and suffering, emotional distress, lost wages, diminished earning capacity, and other economic losses resulting from Plaintiff's injuries;

2. Punitive damages against defendants Kevin Fitzpatrick and John Doe Officers 1-10 for their willful, wanton, and reckless conduct;

3. Pre-judgment and post-judgment interest pursuant to NY CLS CPLR § 5001;

4. Reasonable attorneys' fees and costs;

5. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

The Haddad Law Firm, P.C.
Attorneys for Plaintiff

By: _____
Michael S. Golner
The Haddad Law Firm, P.C.
11 Broadway, Suite 440
New York, NY 10038
732.447.9064

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

12 of 12

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 2                                                                      RECEIVED NYSCEF: 12/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

## STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING
### (Single Attorney Authorizing Individual Filing Agent)

I, Michael S. Golner, Esq., (Attorney Registration No. 5905195) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID 5905195). I hereby authorize The Haddad Law Firm, P.C. ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: 12.2.2025

_[Signature]_
Signature

Michael S. Golner
Print Name

The Haddad Law Firm, P.C., Legal
Firm/Department

11 Broadway, Suite 440
Street Address

New York, New York, 10038
City, State and Zip Code

732.447.9064
Phone

mgolner@sphlaw.com
E-Mail Address

(6/6/13)

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(1)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 1